### EBENEZER ROTHWELL v. ANN ROTHWELL, William Rothwell's Executrix.

Court of Common Pleas. New Castle. December, 1797.

*Rodney's Notes.*

*G. Read, Bayard* [for plaintiff]. *Vandyke* and *Ridgely* [for defendant].

*G. Read* for plaintiff. Declaration, will dated 1765, proved October 1, 1765, of Thomas Rothwell. Legacy of £100 to Ebenezer to be paid unto him by Thomas when he arrives to 21 years of age. I order my son Ebenezer to be well educated. Robert Moody and William, executors. William R. having taken possession of the land under the will is accountable for the above legacy.

Cornelius Armstrong. I knew the land. Thomas R. held under the will, above two hundred acres, two miles below Ap. Church, is as good as any in our county, worth £5 or £6 per acre, first knew the land 25 years ago. I was present, heard William tell Ebenezer they would meet and have all settled, he wished it. Ebenezer demanded this legacy. This was in May about 1791. (Ebenezer was born July 30, 1757; came of age July 30, 1778.)

James Haughey. Have known the lands 25 years or more, is exceeding good in the levels. Have seen fifty, sixty, or seventy, acres in wheat. I would not take $20 if that was mine. Admitted. Testator left a widow, three boys, and seven girls.

*Vandyke* for defendant moves for a nonsuit. Plaintiff cannot maintain his action by Act of Assembly, 2 Body Laws 87, 88, for more easy recovery of legacies, no suit until demand made and refunding bond given by legatee with security, or tender. At common law no action for legacy will lie; only under Act of Assembly can they be recovered. In England the action must be against terre-tenant, not executor. 6 Mod. 26. Action must be against terre-tenant etc. 2 Ld.Raym. 937, to same point.

*Bayard* against the motion. It is grounded on a point of law against the justice of the case. We are contending for a legacy on the principle of the common law as Statute of Wills.

Court determined the defendants should demur, etc.

John Cochran. I understood from Ebenezer that the legacy in question was settled by William in his lifetime.

May 10, 1786, a single bill, Ebenezer to William. £9.10.4 pay November. October 27, 1786, an order accepted by Ebenezer in favor of William, 15.0, accepted. May 9, 1787, Cor. Nadine on Ebenezer, 1.10.0, accepted. No interest was allowed on the legacy by referees. Admitted, net balance £1167.14.3 of Thomas Rothwell, Senior, *personatis,* etc.

July 21, 1773. Receipt for £335.6.3 from Lydia, guardian to Ebenezer Rothwell, from William's executrix for legacies due Ebenezer etc. Ebenezer's account against William, executor of Thomas, from July, 1778: £100, twelve years interest, credit 893.7, balance claim, 87.16.4½ with interest to this time.

*G. Read.* The authority we mean to rely [on] is first, the land is charged by the will; second, we are entitled to interest from death of the testator. 1 Ves. 499. Charge on land may be implied. 4 Vin.Abr. 463 pl. 16, 21, like charge. 1 Vern. 411. 2 Vern. 228, 229, 143. Prec.Ch. 264. Fost. 202. 2 P.Wms. 693. 3 Atk. 438, 507. Where a legacy is to a child, courts have said it shall bear interest; in case of strangers, not so. If father does not provide for child, and court will give interest in lieu of maintenance, but not when given by the father. 2 P.Wms. 419. 3 P.Wms. 126. After the payment and receipt given for principal and interest, legatee recovered interest from a year after testator's death.

*Ridgely* for defendants. Legacy has been paid by William, and Ebenezer has no right now to claim interest. By what rule of law has a legatee a better right to demand interest when left by a father than stranger? Court cannot go beyond the letter of the will. If no interest is given by it, you can give none. 3 Atk. 102. Cases how far a legatee is to receive interest when it is not payable for some time depend upon their particular circumstances. 1 Ves. 171, Lord Chancellor said legacies out of personal estates should carry one per cent more interest than out of real. There is difference in the power of this Court and Chancery.

*Vandyke.* Intention of the testator the only rule in construction of wills. If [this action] were in chancery no interest would be allowed, testator having provided for the education and maintenance of Ebenezer exclusive of the legacy of £200.

*Bayard* for plaintiff in conclusion. Wherever the Court of Chancery and common law have concurrent jurisdiction, their

98

rules are precisely the same, also rules of evidence, construction of wills are the same in both courts.

CHIEF JUSTICE. This is an action for recovery of a legacy, if this Court have jurisdiction over the case. You cannot separate principal from interest, which the counsel for defendants contend for.

Verdict for plaintiff, £77.

### DOUGLAS, Administrator of Vaughn, v. WILLIAM POLK, Administrator of T. L. Polk.

Court of Common Pleas. Sussex. April, 1798.

*Rodney's Notes.**

In this case the Court decided that the administrator of an executor could not be compelled by *scire facias* under the Constitution to be a party to the suit.

### HENRY WINGATE v. JOSEPH NELSON.

Court of Common Pleas. Sussex. April, 1798.

*Rodney's Notes.†*

*Ridgely, Wilson* [for plaintiff]. *Peery, Miller* [for defendant].

---

* This case is also reported in *Wilson's Red Book, 201.*

† This case is also reported in *Wilson's Red Book, 195.*